IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONTEZ JOHNSON, | ) Case No. 1:20-cv-1007 |
| | ) |
| Petitioner, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| STATE OF OHIO, | ) |
| | ) |
| Respondent. | ) **REPORT AND RECOMMENDATION** |
| | ) |

Petitioner Dontez Johnson, an Ohio prisoner serving an eight-and-a-half-year aggregate prison term for drug trafficking and possessing criminal tools, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Doc. 1.  Johnson claims that his convictions and sentences in *State v. Johnson¸* Cuy. Cty. Ct. Comm. Pl. Case No. CR-16-607270, were obtained in violation of his rights under the U.S. Constitution.  ECF Doc. 1.

On October 28, 2020, Respondent State of Ohio (and Warden Donnie Morgan[1]) moved to dismiss Johnson's petition as time-barred under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA").  ECF Doc. 13.  Johnson filed a response in opposition to Ohio's motion to dismiss. ECF Doc. 18.  This matter is before me by an automatic order of reference under Local Rule

---

[1] Petitioner Johnson is incarcerated at Ross Correctional Institution, where Donnie Morgan is warden. *See* ECF Doc. 13 at 1 n.1.

72.2 for preparation of a report and recommendation on Johnson's petition.[2] Because Johnson's claims are time-barred under AEDPA's one-year statute of limitations, I recommend that the court GRANT Ohio's motion to dismiss Johnson's petition. I further recommend that Jonson not be granted a certificate of appealability.

I. **State Court History**

    A. **State Trial Court, Case No. CR-16-607270**

On July 5, 2016, a Cuyahoga County, Ohio grand jury indicted Johnson on: four counts of drug trafficking in violation of Ohio Rev. Code. § 2925.03(A)(1) (Counts 1, 4, 7, and 10); seven counts of drug trafficking in violation of Ohio Rev. Code § 2925.03(A)(2) (Counts 2, 5, 8, 11, 13, 15, and 17); six counts of drug possession in violation of Ohio Rev. Code § 2925.11(A) (Counts 3, 6, 9, 12, 14, and 16); and one count of possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A) (Count 18). ECF Doc. 13-1 at 5-20. Johnson pleaded not guilty. ECF Doc. 13-1 at 21.

Johnson requested a psychological examination. ECF Doc. 13-1 at 22. The state trial court granted Johnson's request, and referred him for an examination to determine competency to stand trial, sanity at the time of the alleged acts, and eligibility for mental health court. ECF Doc. 13-1 at 24. On October 6, 2016, David Burrow, MD, reported that he was unable to render an opinion because Johnson refused or was unable to cooperate with the psychological evaluation. ECF Doc. 13-1 at 25. On December 13, 2016, the state trial court ordered that Johnson be remanded into the sheriff's custody and transported to a behavioral health facility for an inpatient psychological evaluation. ECF Doc. 13-1 at 25.

---

[2] This case was initially referred to then-Magistrate Judge James R. Knepp II. ECF Doc. 7. Following Judge Knepp's appointment as a U.S. District Judge, this case was re-assigned to the undersigned Magistrate Judge. N.D. Ohio General Order 2020-26.

On January 13, 2016, Johnson (through counsel) filed a motion to transfer his case to the mental health court docket, even though a December 22, 2016 psychological evaluation had found that he was competent.  ECF Doc. 13-1 at 27.  Johnson *pro se* filed a letter, *opposing* counsel's motion to transfer his case to the mental health court docket because such a transfer would delay the resolution of his case in violation of his right to a speedy trial.  ECF Doc. 13-1 at 32-37.

Johnson's case proceeded to trial.  ECF Doc. 13-1 at 446-49 (February 6–9, 2017).  On February 9, 2017, the jury returned a verdict finding Johnson: (1) not guilty on Counts 2, 3, 5, and 6; and (2) guilty on all other counts.  ECF Doc. 13-1 at 43.  At sentencing, the court imposed: (1) a 12 month prison term for Count 1; (2) a 12 month prison term and fine of $250.00 for Count 4; (3) a 12 month prison term and fine of $250.00 for merged Counts 7, 8, and 9; (4) a 12 month prison term and fine of $250.00 for merged Counts 10, 11, and 12; (5) an 18 month prison term and fine of $250.00 for merged Counts 13 and 14; (6) a 12 month prison term and fine of $250.00 for merged Counts 15 and 16; (7) a 12 month prison term and fine of $250.00 for Count 17; and (8) a 12 month prison term and fine of $250.00 for Count 18.  ECF Doc. 13-1 at 43-44.  Each separate term was ordered to be served consecutively, for an aggregate prison sentence of eight-and-a-half years and an aggregate fine of $2,000.00.  ECF Doc. 13-1 at 44.  The trial court explained that it found consecutive sentences were necessary to protect the public from future crime, were not disproportionate to the seriousness of Johnson's conduct, and were not disproportionate to the danger that Johnson posed to the public based on his criminal history.  The court filed Johnson's judgment of conviction on February 22, 2017.  ECF Doc. 13-1 at 44.

In February and March 2017, Johnson filed motions for relief from the judgment and motions to vacate the fines and costs that the court had imposed at sentencing. ECF Doc. 13-1 at 114-49, 151-55. The state trial court denied Johnson's motions. ECF Doc. 13-1 at 150, 165.

### B.  Direct Appeal, Case No. 105505

On February 24, 2017, Johnson, through new counsel, appealed to the Ohio Court of Appeals. ECF Doc. 13-1 at 45. Johnson's appellate brief raised four assignments of error:

> 1. The jury found, against the manifest weight of the evidence, that the appellant committed the acts charged in the indictment.
>
> 2. The evidence was not legally sufficient to sustain a guilty verdict.
>
> 3. The trial court allowed impermissible testimony in which was not prior under 404(b).
>
> 4. The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.14 and the purposes and principles of the felony sentencing guidelines and erred by imposing consecutive sentences.

ECF Doc. 13-1 at 50, 56-68. On January 18, 2018, the Ohio Court of Appeals affirmed Johnson's convictions and sentences. ECF Doc. 13-1 at 92-109.

Johnson did not appeal to the Ohio Supreme Court.

### C.  First Federal Habeas Corpus Petition, Case No. 1:18-cv-173

On January 23, 2018, Johnson filed in this court a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Doc. 13-1 at 350-97. Johnson raised seven grounds for relief:

> **GROUND ONE:** Prosecutorial Misconduct.
>
> **Supporting Facts:** Kelly Mason said in Closing arguments to the jurors that we must convict dontez Johnson because he's a drug dealer, which the U.S. Constitution prohibits a prosecutor from giving there personal opinion about the defendant guilt or defendant witness guilt. The personal opinion of a prosecutor has no place at trial. The court erred by failing to instruct the jury to disregard improper remarks by the prosecutor.

4

**GROUND TWO:** Prosecutorial Misconduct.

**Supporting Facts:** Adam M. Chaloupka mislead the jurors with false statement Perjured Testimony. He told the jurors that I was on the front passenger seat one day. Thin he turned around and said I was in the back passenger exactly where the drugs was [*sic*] found at. Thin my attorney called him a liar, But failed to object to this improper remark by the prosecutor. The trial court erred by failing to instruct the jury to disregard improper remarks by the prosecutor. And the judge allowed him to commit perjury.

**GROUND THREE:** Violation of Sixth Amendment Confrontation Clause

**Supporting Facts:** The C.I. Refused to take the stand against me at trial in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against. We have held that this bedrock procedural guarantees applies to both Federal and state prosecutions. Our constitution is that the person shall see his accuser. It is a rule of the common law, founded on natural justice, that no man shall be prejudiced by evidence which he has not the liberty to cross-examine.

**GROUND FOUR:** Ineffective Assistant of counsel

**Supporting Facts:** Counsel failed to object when prosecutor Kelly Mason said in closing arguments "that ladies and gentleman of the juror we must convict Dontez Johnson because he's a drug dealer["] which was clearly improper. And when prosecutor Adam M. Chaloupka stated inconsistent statements about me being in back passenger seat exactly where the drugs was found. And he fail to object, which makes him Ineffective Assistant. Any attorney would object to a improper comments.

**GROUND FIVE:** The witness detective committed perjury under oath. He said in his sworn statements Police Report that on the 13th they called me and other 80 worth of drugs. Thin on the 15th they called me an order (5) twenty bags of heroin for 100 dollars. But he took the stand at trial and said we make both calls on the same number. The statement he made at trial contradicted the one he made in his sworn statement Police Report written Thomas Klamert # 1690. And it two totally different numbers in his police Report.

**GROUND SIX:** Could prove who this informant and order drugs from. And he also admitted under oath for the Record my fingerprints was not on the 100 dollars buy money.

**GROUND SEVEN:** The State of Ohio gave me a multiplicity indictment which is against the fifth Amendment up under the Double jeopardy clause. But the jurors found the Defendant <u>NOT GUILTY</u> on counts (2)(3) of the indictment which is

5

> Drug Trafficking and Drug Possession of crack cocaine. And the (2) and (3) are less thin 5 grams of crack cocaine. And they also found the defendant <u>NOT GULTY</u> of counts (5) Drug Trafficking at Heroin less thin (1) gram. And they also found the Defendant <u>NOT GUILTY</u> of DRUG POSSION of less thin one Gram of Heroin. And the rest of charges are the same charges that the Defendant was <u>Not found guilty of.</u> The same exact elements so the defendant was found NOT GUILTY and GUILTY of the SAME EXACT CHARGES.

ECF Doc. 13-1 at 350-97. Johnson indicated in his petition that he did not raise these claims before the Ohio Court of Appeals because his attorney did not consult with him. ECF Doc. 13-1 at 350-97. Johnson filed an amended petition on May 10, 2018. ECF Doc. 13-1 at 403-24.

On May 16, 2018, the court found that Johnson had not exhausted his state court remedies under Ohio Appellate Rule 26(B) and dismissed his petition without prejudice. ECF Doc. 13-1 at 425-32. On August 29, 2019, Johnson filed a motion for reconsideration. ECF Doc. 13-1 at 433-35. On December 4, 2019, the court denied Johnson's motion. ECF Doc. 13-1 at 439-43.

### D. State Habeas Petition, Case No. 19-0669

On May 15, 2019, Johnson *pro se* filed a petition for writ of habeas corpus with the Ohio Supreme Court. ECF Doc. 13-1 at 167-254. On July 24, 2019, the Ohio Supreme Court *sua sponte* dismissed Johnson's petition. ECF Doc. 13-1 at 341. On January 13, 2020, Johnson filed a "memorandum in jurisdiction discretionary appeal on habeas corpus complaint." ECF Doc. 13-1 at 342-48. On March 11, 2020, the Ohio Supreme Court construed Johnson's filing as a motion for reconsideration and denied the motion. ECF Doc. 13-1 at 349.

## II. Federal Habeas Petition

On May 8, 2020, Johnson filed a *pro se* petition for writ of habeas corpus. ECF Doc. 1. Johnson's petition raises 23 claims:

> **GROUND ONE:** Denied Due Process of Law

6

**Supporting Facts:** The state failed to prove every element beyond a reasonable doubt which is required by the Due Process Clause of the Constitution. They admitted under oath that the phone call was not recorded and they never did a credit-check and the state witnesses admitted there was no credit check and no audio or video of either control buy. Due Process requires guilt beyond a reasonable doubt. *See* 443 U.S. 307 *Jackson v. Virginia*. *In re Winship*, 397 U.S. 358.

**GROUND TWO:** Denied Due Process of Law

**Supporting Facts:** The state witnesses admitted under oath for the record that the phone call was not recorded nor was the phone call recorded and they never did a credit-check on the phone number. And all three witness [*sic*] admitted under oath they never seen the defendant do a hand-to-hand buy with this C.I. And said I was around multiple people on both dates. This violation is of Rule 602 lack of personal knowledge. And the no-evidence as cited in *Thompson v. Louisville*, 362 U.S. 199. They provided no evidence.

**GROUND THREE:** I was denied my right to face my accusers, but used evidence already obtain by them.

**Supporting Facts:** Well I was denied my right to face my accuser the C.I. never took the stand. *See Idaho v. Wright*, 497 U.S. 805. *Lilly v. Va.*, 527 U.S. 116. *Coy v. Iowa*, 487 U.S. 1012. *Pa. v. Ritchie*, 480 U.S. 38. And *Davis v. Alaska*, 415 U.S. 308. *Pierce v. United States*, 86 F.2d 949. *Lee v. Ill.*, 476 U.S. 530. *Pointer v. Texas*, 380 U.S. 400. And also *see Crawford v. Washington*.

**GROUND FOUR:** Illegal Search and Seizure

**Supporting Facts:** The state used evidence that was inadmissible evidence obtained by a search and seizure in violation of the 4 amendment is inadmissible in a state court as it is a federal court. The trial court never provided beyond a reasonable a search warrant of Timothy Chapman vehicle. *See* 367 U.S. 643, *Mapp v. Ohio*. 232 U.S. 383, *Weeks v. United States* and *Rea v. United States*, 350 U.S. 214, *Rochin v. California*, 342 U.S. 165. They never provided a search warrant at trial.

**GROUND FIVE:** The state used involuntary confession/coerced confession against Defendant.

**Supporting Facts:** The Detective admitted under oath that this C.I. got paid cash money on both occasions. Which clearly shows coercion. He/she was promised on both occasions to get control buys allegedly from Johnson. This same fatal error was ruled on in *Rogers v. Richmond*, 365 U.S. 534. The Constitution prohibits the use of coerced statements/involuntary confessions under the due process of the 14 amendment. Convictions following the admission into evidence

7

of confessions which are involuntary, that is the product of coercion either physical or psychological cannot stand and Defendant believes this C.I. was a convicted but not sure I never got a chance to face-to-face under oath.

**GROUND SIX:** The trial court never did a reasonable doubt jury instruction.

**Supporting Facts:** The trial court never did a reasonable jury instruction. "A constitutionally deficient jury instruction in a criminal case as to the definition of reasonable doubt for purposes of the prosecution's burden of proving beyond a reasonable doubt. Was not amenable to harmless error analysis on appeal and would always invalidate a conviction." The record will clearly reflect this error. See cases: *Cage v. Louisiana*, 498 U.S. 39. *Cool v. United States*, 409 U.S. 100, and *Sullivan v. Louisiana*, 508 U.S. 275" A state prisoner is entitled to relief under 28 §§ 2254 only if he is in custody in violation of the constitution or laws or treaties of the United States.

**GROUND SEVEN:** The witness committed perjury on two occasions.

**Supporting Facts:** 1) Thomas Klamert said in his sworn statement that C.I. called me on 207-451-5234 and order drugs thin [*sic*] on 6-15-16 C.I. called me on 207-451-5053 and order five bags of heroin $100.00 but thin [*sic*] took the stand. So Thomas Klamert committed perjury when he presented this sworn statement to the grand jury. *See Johnson v. United States*, 520 U.S. 461 or either he knowingly, willingly, intentionally committed perjury under oath. And he also knowingly, willingly, intentionally under oath. Which he sworn statement contradicts this sworn testimony under oath. *See Pyle v. Kansas*, 317 U.S. 213. And also in violation Rule 613 Impeachment by self contradiction. And he mislead the jurors with perjury testimony.

2) Thomas Klamert said in his sworn statement said he use one C.I. on both occasions. Thin another report he said he used two-different C.I.'s supporting facts: Both reports enclosed. So he knowingly, willingly, intentionally committed perjury under oath. Both statements contradict each other. "The truth is one story ever changes."

**GROUND EIGHT:** They're in violation of the Double Jeopardy Clause.

**Supporting Facts:** They gave me multiple sentences for allied offenses which it is plain error. *See State v. Underwood*, 124 Ohio St. 3d 365, 2010 Ohio 7, 922 N.E.2 923, also see *Oregon v. Ice*, 555 U.S. 160. And also *State v. Walker*, 2012-ohio-4274.

**Ground Nine[3]:** The state knowibly, willingly, intentionally admitted violating my Due Process by saying "the evidence direct and circumstantial goes against

---

[3] Johnson did not provide a separate "supporting facts" paragraph for Grounds Nine, Ten, and Twenty-One. *See* ECF Doc. 1-1 at 6-7, 30.

8

the standard of proff beyond a reasonable" "Well the Due Process Clause guarantees me proff of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 and *re Winship*, 397 U.S. 358.

**GROUND TEN:** The state violated my due process rights the evidence clearly shows there's no proff [*sic*] that defendant sold no drugs to this C.I. or talked to them. The state admitted "there was no recorded conversation. There was no credit-check on the number and there was no search-warrant for this phone. And they also admitted there was no audio or video of either control buy. And all three witnesses admitted under oath. So therefore there in violation Rule 602 lack of personal knowledge. They have lack of personal knowledge who this C.I. called an order drugs from. And there also in violation of Due Process so is it a violation of due process to convict and punish a man without evidence of his guilt. The state provided no evidence as cited in *Thompson v. Louisville*, 362 U.S. 199. And also tried-sentence-convicted on insufficient evidence as cited in *State v. Burrell*, Ohio App. Lexis 4169.

**GROUND ELEVEN:** The state of Ohio is in violation of my Due Process and the Equal Protection

**Supporting Facts:** The state of Ohio knowingly, willingly, intentionally violated my due process and the equal protection by denying my trial transcripts "The constitutional guaranties of due process both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons; all people charged with crime must, so far as the law is concerned, stand on an equality before the bar of justice in every American court." "which the great state of Ohio failed to do." *See Griffin v. Illinois*, 351 U.S. 12. They denied me my transcripts because I'm indigent."

**GROUND TWELVE:** Prosecutor misconduct/Ineffective Assistance

**Supporting Facts:** Well Adam M. Chaploupka knowingly, willingly, intentionally made a false state one day in trial. He said I was on the front passenger seat thin [*sic*] on another date he said" I was on the back passenger seat exactly where the drugs are. So there he also knowingly, willingly, intentionally mislead the jurors with a false statement. *See Hanna v. Price*, 245 Fed. Appx. 538; 2007 U.S. App. LEXIS 21048. This conduct tended to mislead the jurors. And this was done deliberately "Under these circumstances, introduction of an inadmissible statement cannot be said to constitute harmless error." *See United States v. Carroll*, 26 F.3d 1380 *Gravely v. Mills*, 87 F.3d 779, also see *Boyle v. Million*, 201 F.3d 711 and *Berger v. United States*. That the prosecutors argument constituted a due process violation that deprived the petitioner of a fair trial. Moreover, he also determined that the failure of counsel to object to "the argument" rose to the level of ineffective assistance of counsel because the argument was so clearly improper that any "reasonable counsel" would have objected! There was, the judge noted, no strategic reason to refrain from

9

objection if not during 245 Fed. Appx. 548 argument then certainly at its conclusion. Finally the magistrate judge held that counsel's failure resulted actual prejudice, thereby satisfying the standard of *Strickland v. Washington* because the record reflected "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. "The court erred by not instructing the jury to disregard improper remarks by prosecutor.

**GROUND FOURTEEN:** Prosecutor Misconduct/Ineffective Assistance of Counsel

**Supporting Facts:** Counsel failed to object when prosecutor Kelly Mason said in closing arguments "That ladies and gentleman of the juror we must convict Dontez Johnson because he's a drug dealer is forbidden by our constitution prohibits" the personal opinion of an attorney. This same fatal error was already ruled on it." *See Boyle v. Million*, 201 F.3d 711 and also *Nathan Paul Hanna v. Price*, United States Court of Appeal for the Sixth Circuit, 245 Fed. App. 538; 2007 U.S. App. Lexis 21048; 2007 Fed. App. 0623N (6th Cir.). That the prosecutors argument constituted a due process violation that deprived the petitioner of a fair trial. Moreover, he also determined that the failure of counsel to object to the argument rose to the level of ineffective assistance of counsel because the argument was so clearly improper that any "reasonable counsel" would have objected. *See Hanna v. Price*, U.S. Court of Appeals for the 6th Cir. 245 Fed App. 538; 2007 U.S. App. Lexis 21048-2007 Fed. App. 0623N. This fatal error was described in this case. And U.S. Supreme Court ruled on this fatal error in *Strickland v. Washington*, 466 U.S. 668. A personal opinion has no place in trial.

**GROUND FIFTEEN:** Violation of the Double Jeopardy Clause

**Supporting Facts:** The jurors found me not guilty on drug trafficking and drug possession on 6-13-16. Thin the State of Ohio retryed [*sic*] me on 6-15-16. On the same exact charges of least than 5 grams of crack cocaine. And the exact same charges of less than (1) gram of heroin. On 6-15-16. Which our constitution prohibits being retryed on charges that a person was found not guilty is in violation of the Double Jeopardy Clause of the U.S. Constitution. *See Benton v. Maryland*, 395 U.S. 784. *See also Brown v. Ohio*, 432 U.S. 161.

**GROUND SIXTEEN:** I was tryed sentenced convicted with insufficient evidence violation of the Due Process Clause.

**Supporting Facts:** Well the state convicted me with no proff that defendant was the one on the phone with this C.I. and the state failed to prove that I sold the C.I. drugs. There was no audio or video of either control buy. So the state tryed sentence convicted me with insufficient evidence. As cited in: *Thompson v. Louisville* and in *State v. Burrell*, 2000 Ohio App. Lexis 4169 and also *see United States v. Olano*, 507 U.S. 725.

10

**GROUND SEVENTEEN:** Violation of the right to a fair trial/ and prosecutor misconduct/ineffective assistance of counsel

**Supporting Facts:** The prosecuting attorney knowingly, willingly, intentionally mislead [*sic*] the jurors with a false statement.

**GROUND EIGHTEEN:** The judge ignored her duty to uphold the public trial clause.

**Supporting Facts:** When the prosecutor knowingly, willingly, intentionally mislead the jurors with this false statement. And my attorney called him a liar but failed to object. And the judge failed to instruct the jurors to disregard that false statement which means she failed to perform her mandatory duties as cited in the public trial clause. Public trial clause clearly says you suppose to discourage perjury. But a false statement is the same as committed perjury. Because I was denied my rights that's guaranteed by our federal constitution, I was deprived of liberty without due process of law. This false statement deprived me of rights that's guaranteed by our constitution this same fatal error was described in.

**GROUND NINETEEN:** Denied my right to fair an impartial trial

**Supporting Facts:** Ohio court rules clearly says attorneys only have 15 minutes to argue. But this trial judge gave the first prosecutor 37 minutes to argue that I'm guilty as charge. Thin this trial judge gave the other prosecuting attorney 15 minutes to argue. So this judge gave both prosecuting attorneys almost an hour versus ten minutes is clearly not fair. So my right to a fair and impartial trial clearly have been violated. The law says there suppose to only have 15 minutes apiece not 37 or more.

**GROUND TWENTY:** Violation of Procedural due Process of Law

**Supporting Facts:** Ohio court rules says "On the accelerate docket however a routine motion consists of only one extension of 15 days for the brief. So if my attorney filed the brief on May 25, 2017 and the appellee had 15 days to respond and addition 15 days means the appellee had to June 25, 2017 which would have been 30 days. And Rule 34 clearly says only one extension." But the appellate courts let them file this brief on 7-19-17. Which is clearly of violation of rule 34. And petitioner procedural due process rights which is a guaranteed right by the federal constitution. And the trial court allowed this to happen under watchful eyes and ears.

**GROUND TWENTY-ONE:** The state failed to prove which number this C.I. called and order drugs because the state has a lack of personal knowledge which number was called to order either 207-451-5234 or 207-451-5053. So the state has lack of personal knowledge Rule 602. "1" Who this C.I. called an order the drugs from. And prosecuting attorney failed to prove beyond a reasonable doubt that

11

defendant was the one who sold drugs to this C.I. Well our constitution requires that they must prove every element beyond a reasonable as cited in: *Jackson v. Virginia*, 443 U.S. 307 and *Re Winship*, 397 U.S. 358. And the state tryed sentenced convicted me with insufficient. Because the state failed to prove that petitioner is the one who talk to this C.I. and the state admitted there was no audio or video of either control buy. And the state witnesses admitted not one witness seen petitioner sell drugs to this C.I. while up under surveillance. So petitioner was tryed sentence convicted with insufficient evidence as cited in: *Thompson v. Louisville*, 362 U.S. 199 and *see State v. Burrell*, 2000 App. Lexis 4169 and *United States v. Olano*, 507 U.S. 725.

**GROUND TWENTY-TWO:** Tryed Sentenced Convicted on False Charges

**Supporting Facts:** Well the state detective said in his sworn statement on 6-15-16 C.I. called me an order 5 twenty bags of heroin for 100.00 Thomas Klamert sworn statement report from Thomas Klamert # 1690 to Sgt. Michael Ward # 9007. Which in this sworn statement hes words is "on 6-15-16, I met with CRI to do a buy-bust operation on Johnson. I search CRI finding no drugs, money, or contraband. At 9:55 hrs. I monitored a phone call CRI placed to Johnson at 207-451-5053. CRI ordered 5 twenty dollars bags of heroin for 100.00. Johnson instructed CRI to cme to W.43rd and Robert. But petitioner was sentence tryed convicted for drug trafficking crack cocaine on 6-15-16. So I was tryed sentenced convicted on false charges. Because clearly said CRI ordered 5 twenty bags of heroin not crack cocaine. So this police report contradicts my indictment. So either Thomas Klamert # 1690 knowingly, willingly, intentionally falsified state document or the state knowingly, willingly intentionally falsified a state document. And this is a criminal offense. So either Thomas Klamert # 1690 knowingly, willingly, intentionally falsified state document. So the state of Ohio knowingly, willingly, intentionally falsified state document. And I was denied due process of law because of those false documents. And these "fatal errors need to be corrected immediately." And these people need to helded accountable for these criminal acts."

**Ground Twenty-Three:** The Trial court allowed impermissible testimony in which was not proper under 404(b) and this witness committed perjury oath. And the state violated petitioner due process rights also. And also prosecutor misconduct.

**Supporting Facts:** A blatant and detrimental error which unduly prejudiced Appellant and caused irreparable harm was when Detective Dlugolinski testified that he bought drugs from Appellant on prior occasions Transcripts at 318-20. Under 404(b) evidence of a crime wrong or other act is not admissible to prove a person character in order to show that on a particular occasion the person acted in accordance with the character." This was a clear violation of Rule of evidence 404(b) and a defendants right not to testify. And the United States Constitution. The objection made by Defense counsel was initially overruled until a sidebar

> revealed to the judge that the law would not allow this testimony to be brought in. She then offered a curative instruction but by then, the harmful information had been allowed in and the jury was able to hear that Mr. Johnson had been involved in drug sales prior to these charges. Detective Klamert also testified that "other investigations" were done on Mr. Johnson prior to these charges. Tr. At 383. This is the clearest form of abuse of Rule 404 and the trial court should have issued a mistrial. The jury was permanently tainted.

ECF Doc. 1 at 5-10; ECF Doc. 1-1 at 1-18. On July 27, 2020, Johnson filed a "motion to amend," seeking to add an additional claim that: "I was tryed sentenced convicted on multipilicous/carbon copy indictment. Which is a clear error of law under the double jeopardy clause of the federal constitution." ECF Doc. 10 at 1.

**III.    Law and Analysis**

    **A.    Parties' Arguments**

The State of Ohio argues that Johnson's petition should be dismissed as time-barred under AEDPA's one-year statute of limitations because his conviction became final on March 6, 2018; there were no tolling events; the time to file his petition expired on March 6, 2019; and he did not file his petition until April 29, 2020. ECF Doc. 13 at 13. The State of Ohio asserts that Johnson's January 2018 federal habeas petition and May 15, 2019 state habeas petition did not toll the AEDPA limitations period. ECF Doc. 13 at 14. Further, the State of Ohio contends that Johnson cannot show that he is entitled to equitable tolling or that that the enforcement of the statute of limitations in this case would result in a miscarriage of justice. ECF Doc. 13 at 15-17.

Johnson responds that the court should not dismiss his petition because his claims have merit and he is entitled to relief. ECF Doc. 18 at 1-10 (generally summarizing his Due Process and Double Jeopardy claims). Liberally construed, Johnson also argues that AEDPA's statute of limitations exceeded Congress's authority in violation of the Suspension Clause in Article I, Section 9 of the U.S. Constitution. ECF Doc. 18 at 6. ("Congressional Duties & Powers,

13

suspension clause. . . . Its pre-eminent role is recognized by the admonition in the [C]onstition that the privilege of the writ of habeas corpus shall not be suspended U.S. const. art. I § 9 c[l]. 2.").

### B. Statute of Limitations under AEDPA

AEDPA imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year statute of limitations period under § 2244(d)(1)(A) does not begin to run until the day after the deadline to file a petition for a writ of certiorari in the United States Supreme Court expires). When a petitioner does not file an appeal from the state appellate court to the state supreme court, the judgment becomes final under § 2244(d)(1)(A) when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). In Ohio, a criminal

14

defendant has 45 days after the Ohio Court of Appeals issues its decision to seek review by the Ohio Supreme Court. Ohio S. Ct. Prac. R. 7.01(A)(1).

The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction motion to withdraw a guilty plea, filed well after a defendant misses the deadline to file a direct appeal and the § 2244(d)(1)(A) limitations period has begun to run, is a tolling motion under 28 U.S.C. § 2244(d)(2). *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 608-09 (6th Cir. 2013) (explaining that it would "cut[] against the grain of AEDPA's purpose and [Sixth Circuit] precedents" promoting the finality of convictions and curbing dilatory tactics to allow a habeas petitioner to indefinitely reset the limitations period by delaying the filing of a plea-withdrawal motion in states (such as Ohio) that do not set time limits on such motions).

Johnson's petition is untimely. Here, the court need not engage in a complicated analysis of whether or not Johnson's first habeas petition, state habeas petition, and related motions tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Lopez*, 426 F.3d at 351-52. Even if *each* of Johnson's filings were considered a tolling motion, his petition would still be untimely. Johnson's conviction became final on March 6, 2018 – 45 days after the time to file a direct appeal to the Ohio Supreme Court expired. *Gonzalez*, 565 U.S. at 137; Ohio S. Ct. Prac. R. 7.01(A)(1). And on that day, the 365-day clock was set. 28 U.S.C. § 2244(d)(1)(A); *Payton*, 256 F.3d at 408; *Bronaugh*, 235 F.3d at 283-84. But two months earlier, Johnson had filed his first federal habeas petition. ECF Doc. 13 at 350-97. When the court dismissed that petition on

15

May 16, 2018, the clock started ticking down. ECF Doc. 13-1 at 425-32; *See* 28 U.S.C. § 2244(d)(2); *Lopez*, 426 F.3d at 351-52. On May 15, 2019 – 364 days later – Johnson filed his state petition for writ of habeas corpus. ECF Doc. 13-1 at 167-254. Assuming that filing was a tolling event, the clock was paused until the Ohio Supreme Court dismissed Johnson's state habeas petition on July 24, 2019. ECF Doc. 13-1 at 341; *see* 28 U.S.C. § 2244(d)(2); *Lopez*, 426 F.3d at 351-52. And the 365-day limitations period expired one day later, on July 25, 2019. Johnson did not file a tolling motion before that deadline expired and he did not file his habeas petition for another 288 days. ECF Doc. 1; *see also* ECF Doc. 13-1 at 342-48, 433-35. Further, Johnson has not argued (and his petition does not indicate) that any of his claims are entitled to one of the later limitations periods described in 28 U.S.C. § 2244(d)(1)(B)-(D). *See generally* ECF Doc. 1; ECF Doc. 1-1; ECF Doc. 18.

Accordingly, Johnson's petition for writ of habeas corpus is untimely under AEDPA's one-year statute of limitations.

### C. Exceptions to Statute of Limitations

Because AEDPA's one-year statute of limitations is not jurisdictional, a court may still entertain an untimely petition if the petitioner is entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a habeas petitioner must show that: (1) he pursued his rights diligently; and (2) extraordinary and unavoidable circumstances outside of his control prevented him from timely filing his petition. *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

A court may also look past the failure to file a timely petition in order to prevent a fundamental miscarriage of justice: when the petitioner presents a properly supported claim of

16

actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet this burden, a petitioner must persuade the court that, in light of newly discovered evidence, no reasonable juror could have voted to find him guilty beyond a reasonable doubt. *Id.* at 386 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This is a demanding and rarely met burden. *See id.* at 386. Actual innocence means "factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and must be supported with "new reliable evidence . . . that was not presented at trial," *Schlup*, 513 U.S. at 324.

Johnson has not argued that he is entitled to equitable tolling or that an actual innocence claim should excuse his failure to file a timely petition. *See generally* ECF Doc. 18. Thus, any such argument is forfeited. *Wagner v. United States*, 805 F. App'x 354, 360 (6th Cir. Feb. 28, 2020) ("A party forfeits arguments 'not squarely presented to the district court.' *Thomas M. Cooley Law Sch. V. Kurzon Strauss, LLP*, 759 F.3d 522, 528 (6th Cir. 2014)."); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].").

Even if Johnson had raised such arguments, they would still fail. Johnson is not entitled to equitable tolling because he has not (and likely cannot) point to any factor outside his control that prevented him from filing a timely petition. *Holland*, 560 U.S. at 649; *see generally* ECF Doc. 18; ECF Doc. 13-1. Likewise, Johnson cannot show that an actual innocence claim should excuse his failure to file a timely petition because his 24 claims challenge only the *legal sufficiency* of his underlying criminal proceedings. *McQuiggin*, 569 U.S. at 386; *see generally* ECF Doc. 1 at 5-10; ECF Doc. 1-1 at 1-18. And legal insufficiency is not enough to establish actual, factual innocence. *Bousley*, 523 U.S. at 623. Moreover, Johnson has not produced any

17

new evidence that was not admitted at trial upon which he could base a claim of actual innocence.

Accordingly, Johnson has not met his burden to show that an exception to AEDPA's one-year statute of limitations would permit this court to look past his failure to file a timely petition.

### D. Suspension Clause

The Suspension Clause of the United States Constitution provides that "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. In *Hill v. Dailey*, the Sixth Circuit held that, "[l]ike every other court of appeals to address the issue, . . . AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus." 557 F.3d 437, 439 (6th Cir. 2009) (collecting cases); *accord Felker v. Turpin*, 518 U.S. 651 (1996); *Boumediene v. Bush*, 553 U.S. 723 (2008). Thus, Johnson's constitutional challenge to AEDPA's one-year statute of limitations is foreclosed.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of 28 U.S.C. § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)." Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a § 2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *See Cunningham v. Shoop,* 817 F. App'x 223, 225 (6th Cir. Aug 24, 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

If the court accepts my recommendation, Johnson will not be able to show that the dismissal of his claims as untimely under AEDPA's one-year statute of limitations is debatable among jurists of reason. Johnson's deadline to file a timely habeas petition expired on July 25, 2019 at the latest. He did not file his petition until May 8, 2020. He has not met his burden to show that he is entitled to equitable tolling. He has not presented an actual innocence claim. And AEDPA's one-year statute of limitations does not violate the Suspension Clause. Because jurists of reason would not find debatable the conclusion that Johnson's petition is untimely or that he has not shown that he is entitled to proceed notwithstanding his failure to file a timely petition, I recommend that no certificate of appealability issue in this case.

19

## V. Recommendation

Because Johnson's claim is barred by AEDPA's statute of limitation, he is not entitled to equitable tolling, and he has not presented a claim of actual innocence, I recommend that the State of Ohio's motion to dismiss as untimely Johnson's claims (ECF Doc. 13) be GRANTED, that Johnson's claims be DISMISSED, and that Johnson's petition for writ of habeas corpus (ECF Doc. 1) be DENIED.  I further recommend that he not be granted a certificate of appealability.

Dated: March 5, 2021

Thomas M. Parker
United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

20