UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTEZ JOHNSON, *Pro Se*, | ) | Case No.: 1:20 CV 1007 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *pro se* Petitioner Dontez Johnson's ("Petitioner" or "Johnson") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Warden Donnie Morgan's[1] ("Respondent") Motion to Dismiss the Petition ("Motion") (ECF No. 13). Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R (ECF No. 20) that the Motion be granted and the Petition be denied.

This is the second time Johnson has pursued habeas relief in this court. His first petition, which he filed in January 2018, challenged his conviction and sentence in state court for drug possession and trafficking offenses based on seven grounds, including alleged prosecutorial misconduct, Confrontation Clause violations, ineffective assistance of counsel, witness perjury, insufficient evidence to support the conviction, and Double Jeopardy violations. (*See* ECF No. 1 and

---

[1] Respondent asserts that Donnie Morgan is the proper party Respondent because Morgan is the current Warden at Ross Correctional Institution in Chillicothe, Ohio.

ECF No. 3 in Case No. 18-CV-173.) The court dismissed that petition after finding that Johnson had failed to exhaust his claims in state court. (ECF No. 4 and 5 in Case No. 18-CV-173.) Now, in this second-in-time habeas Petition, which the court received on May 8, 2020, Johnson asserts 23 grounds for relief: due process violations and insufficient evidence (Grounds 1–2, 9–11, 16, 20–23); Confrontation Clause violations (Ground 3); illegal search and seizure (Ground 4); coerced confession (Ground 5); improper jury instructions (Ground 6); perjured testimony at trial (Ground 7); Double Jeopardy violations (Grounds 8, 15); and prosecutorial misconduct, ineffective assistance of counsel, and other deprivations of a fair trial (Grounds 12–14, 17–19).[2] (Pet. at PageID #5–10, ECF No. 1; Ex. 1 at PageID #19–32, ECF No. 1-1.)

On October 28, 2020, Respondent filed the Motion to Dismiss, which argues that the Petition is time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The Motion asserts that no tolling events have occurred, because Johnson's prior habeas proceedings did not toll the limitation period, and that there is no basis for equitable tolling. (Mot. at PageID #119–23, ECF No. 13.) Accordingly, because Johnson's conviction became final on March 6, 2018, Respondent argues that his time to seek habeas relief expired on March 6, 2019. Johnson filed a Response on November 19, 2020, opposing the Motion and arguing that (i) he is entitled to relief because his claims have merit, and (ii) the one-year statute of limitations for habeas relief is unconstitutional. (*See* Resp. at PageID #593–99, ECF No. 18.)

On March 5, 2021, after the matter was reassigned from Magistrate Judge James Knepp II, Magistrate Judge Parker ("Magistrate Judge" or "Judge Parker") submitted an R & R recommending that the court grant Respondent's Motion and deny and dismiss the Petition as time-barred. As the

---

[2] Johnson's rambling allegations and overlapping claims make the Petition difficult to parse, but these categorizations reflect the primary thrust of Johnson's arguments.

R & R points out, the record establishes that Johnson's conviction became final on March 6, 2018, and even if all of Johnson's subsequent court filings—his state habeas petition, his first federal petition, and their related motions—are considered tolling events, the current Petition falls well outside the one-year statute of limitations. (R & R at PageID #621–22, ECF No. 20.) The R & R also concludes that none of the exceptions to the statute of limitations are applicable and that Johnson's Suspension Clause argument lacks merit. (*Id.* at PageID #622–24.) Accordingly, the R & R recommends dismissal.

Objections to the R & R were due by March 19, 2021, but neither party filed any. Johnson did, however, file a notice with the Sixth Circuit seeking to appeal "the final judgement [sic]" entered by the Magistrate Judge. (ECF No. 21.) Obviously, the R & R is not a final judgment, so Johnson's notice of appeal is premature.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Judge Parker's recommendations are fully supported by the record and controlling case law. Accordingly, the court adopts the R & R in its entirety and hereby grants Respondent's Motion to Dismiss and denies and dismisses the Petition. Pursuant to 28 U.S.C. § 1915(a)(3), the court also certifies that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 24, 2021